DECISION
In the matter before this Court, the Rhode Island Insurers' Insolvency Fund ("Plaintiff") and New Prime, Inc. and Prime, Inc. (collectively, "Defendents") bring opposing motions for summary judgment pursuant to Rule 56 of the Rhode Island Rules of Civil Procedure. Both parties move for summary judgment regarding whether payments received by Irene Desautel from her insurers — Casco Indemnity ("Casco") and United Healthcare ("United") — should serve to offset payments necessitated by the insolvency of Defendants' insurer.
 FACTS AND TRAVEL
On December 23, 2000, Desautel received injuries in an automobile accident involving a truck operated by Michael Grimm and owned by Defendants. In response, Desautel filed a negligence claim against Grimm and Defendants in this Court on May 10, 2001. Plaintiff's Ex. A (citing P.C. No. 01-2344). Grimm and Defendants subsequently filed a third-party complaint against Casco, Desautel's automobile insurer, and United and Healthcare Recoveries, Inc., Desautel's health insurers.[1]
As one of Desautel's health insurers, United provided health coverage and paid medical bills resulting from the accident. United's payments totaled approximately $380,000. Under Desautel's automobile insurance policy, Casco limited her uninsured/underinsured motorist ("UM") coverage to a maximum of $100,000 per person and a maximum of $300,000 per accident. Plaintiff's Ex. B. Pursuant to the policy's UM limits, Casco paid Desautel $100,000.
At the time of the accident, Defendants and Grimm were insured by Reliance National Insurance Company ("Reliance") for bodily injury claims up to $4,000,000. However, Reliance was declared insolvent and ordered liquidated before Desautel could recover under Defendants' insurance policy. Because of Reliance's insolvency, Desautel sought recovery from Plaintiff. Plaintiff is a not-for-profit legal entity created by the state legislature pursuant to the Rhode Island Insurers' Insolvency Fund Act ("Act"), G.L. 1956 Sec. 27-34-1 et. seq.
Plaintiff and Defendants agreed to settle Desautel's claim for $900,000. Plaintiff's Ex. F. Defendants paid $600,000 of the total settlement, while Plaintiff paid the remaining balance of $300,000.Id. As a condition of the settlement, Plaintiff reserved the right to litigate by way of declaratory judgment whether the law entitles Plaintiff to offset its contribution to the settlement with payments made by United. Id. However, the record is unclear regarding whether Plaintiff sought a similar provision regarding payments made by Casco. Furthermore, United expressly waived any right of recovery or subrogation against the settlement funds. Stipulation; Defendant's Ex. A.
 PLAINTIFF'S ARGUMENT
Essentially, Plaintiff wants this Court to excuse the Plaintiff from paying the agreed upon settlement amount of $300,000. Plaintiff asserts that it bears no responsibility for paying any amount toward Desautel's settlement that United or Casco would ultimately claim as a repayment. United and Casco's payments to Desautel would thereby offset any settlement amount assigned to Plaintiff. In support of this argument, Plaintiff contends that the Act's definition of a "covered claim" excludes any amount "[d]ue any reinsurer, insurer, insurance pool, or underwriting association, as subrogation recoveries or otherwise. . . ." Sec. 27-34-5(8)(ii)(C). Accordingly, Plaintiff alleges that United and Casco have a right to recover their payments to Desautel from Plaintiff and Defendants' negotiated settlement fund. Therefore, the statute reduces Plaintiff's contribution to the settlement fund by the amount due to United and Casco. Moreover, pursuant to Sec. 27-34-12(a), Plaintiff claims that Desautel must exhaust her rights under available insurance policies, and after doing so, Plaintiff is entitled to an offset for any amount paid by another insurer. Thus, Plaintiff alleges that this Court should grant Plaintiff's motion for summary judgment as a matter of law.
 DEFENDANTS' ARGUMENT
Defendants counter that United cannot collect any portion of Desautel's settlement with Defendants and Plaintiff, because United has expressly waived any right of recovery or subrogation against the settlement funds. Because of United's waiver, United cannot claim any portion of the settlement funds. Defendants assert that absent such payment or possibility thereof, Sec. 27-34-5(8)(ii)(C) does not apply to the funds paid out by United or Casco.
Alternatively, Defendants argue that even if this Court considers Plaintiff's argument persuasive, the facts of this case preclude granting summary judgment to Plaintiffs. Defendants bring to light the issue of adequacy and effect of Desautel's recovery. Particularly, Defendants claim that the Court will need to determine if this is a situation where the offsets sought by Plaintiff may amount to an impermissible reduction in Desautel's "already inadequate" recovery, thus failing to serve the purposes of the Act.
 ANALYSIS
The Act functions to provide payment of insured parties' covered claims arising out of policies provided by insurers that have become insolvent. Rhode Island Insurers' Insolvency Fund v. Leviton Mfg. Co.,Inc., 813 A.2d 47, 48 (R.I. 2003). The Act defines a "covered claim" as "an unpaid claim, including one for unearned premiums, submitted by a claimant which arises out of and is within the coverage and subject to the applicable limits on an insurance policy to which this chapter applies issued by an insurer if the insurer becomes an insolvent insurer. . . ." Sec. 27-34-5(8). Section 27-34-5(8)(ii)(C) of the Act goes on to exclude from the definition of a "covered claim" any amounts "[d]ue any reinsurer, insurer, insurance pool, or underwriting association, as subrogation recoveries or otherwise. . . ." Moreover, the Act limits payment of a "covered claim" to a maximum recovery of $300,000. Sec. 27-34-8(a)(1)(iii).
To support its claim that Sec. 27-34-5(8) allays its obligation to pay the settlement amount, Plaintiff erroneously relies on McGuirl v. AnjouInternational Co., 713 A.2d 194 (R.I. 1998). The injured plaintiff inMcGuirl was covered by two workers compensation policies, one of which was issued through an insurer that was declared insolvent. Id. at 195. As a result, Plaintiff was required to pay the covered claims for the policies issued by the insolvent insurer. Id. Additionally, the lower courts found that the claimant's injury was a recurrence of an original injury and held Plaintiff responsible for benefits and reimbursement to the solvent insurer which had paid the claimants benefits while the trial was pending. Id. On appeal, the Supreme Court concluded that "a plain reading of Sec. 27-34-5(8)(ii)(C) specifically excludes from the definition of 'covered claim' all payments made . . . to insurers for reimbursement." Id. at 199. Accordingly, the Court did not require Plaintiff to reimburse the solvent insurer for payments it had made while the trial was pending.
Here, United has paid approximately $380,000 in medical expenses for injuries that Desautel sustained as a result of the accident. Additionally, Casco has paid $100,000 pursuant to the UM portion of Desautel's policy. In lieu of Defendants' policy with the now insolvent Reliance, Desautel agreed to settle her claims with Plaintiff and Defendants for $900,000. A portion of the settlement included the medical care payment that United provided.
However, given the plain meaning attached to Sec. 27-34-5(8)(ii)(C) by the court in McGuirl, Plaintiff's use of this section of the statute to bolster its argument for an offset of its payments is fatally flawed. As a stipulation of the settlement, United expressly waived any right of recovery or subrogation against the settlement funds. Stipulation; Defendant's Ex. A. Because of this waiver, the Act's exclusion from "covered claims" of funds payable to an insurer "as subrogation or otherwise" does not apply here. Thus, contrary to the solvent insurer inMcGuirl, United has not received, nor will receive in the future, any payment from the settlement proceeds.
Furthermore, although Casco has not waived any right of recovery or subrogation against the settlement funds, the Act does not entitle Plaintiff to an offset of Casco's $100,000 payment under Desautel's UM policy. Again, in lieu of Defendants' policy with the now insolvent Reliance, Desautel agreed to settle her claims with Plaintiff and Defendants for $900,000. Unless further investigation determines that Desautel has received full compensation to the extent that Casco's reimbursement would involve excess funds, Plaintiff's full $300,000 should remain a part of the settlement in accordance with Sec.27-34-5(8)(ii)(C). Plaintiff, however, has presented no evidence to suggest Desautel has been overcompensated in this matter.
In addition to its first line of arguments, Plaintiff next asserts that Sec. 27-34-12(a) of the Act requires that any amounts paid by United and Casco should offset Plaintiff's obligation. Defendants argue in the alternative using the same statute and case law. Neither argument warrants summary judgment.
Section 27-34-12(a) states that:
 [a]ny person having a claim against an insurer under any provision in an insurance policy other than a policy of an insolvent insurer which is also a covered claim, shall be required to exhaust first his or her right under that policy. Any amount payable on a covered claim under this chapter shall be reduced by the amount of any recovery under the insurance policy.
The statute defines a "covered claim" as "[a]n unpaid claim, . . . which arises out of and is within the coverage and subject to the applicable limits on an insurance policy to which this chapter applies issued by an insurer if the insurer becomes an insolvent insurer. . . ." Sec.27-34-5(8). Interpreting this statute, the Rhode Island Supreme Court stated that "a claim is a 'covered claim' only if it results from the insolvency of an insurer." Rhode Island Insurers' Insolvency Fund v.Benoit, 723 A.2d 303, 307 (R.I. 1999).
In Benoit, Plaintiff sought as an offset a $50,000 uninsured motorist payment and a $5,000 medical payment made to the estate of the insured by John Hancock Casualty Insurance Co. ("John Hancock"), the insurance carrier for the insured's parents. The insured had been a passenger in a car driven by Cynthia Murray which was involved in an accident with Roger Benoit. Benoit was insured through American Universal Insurance Co., which had been declared insolvent.
After the insured's estate collected the funds from John Hancock, Plaintiff refused to pay Benoit's $25,000 policy limit. There, Plaintiff asserted that Sec. 27-34-12(a) entitled Plaintiff to offset the $50,000 paid by John Hancock because the amount received from John Hancock exceeded the insolvent insurance company's obligation. However, inBenoit, the insured's parents also brought a wrongful death action against Benoit. If found liable, Benoit would have had to pay no less than $100,000 in damages. Pursuant to this issue, the Rhode Island Supreme Court stated that "[Plaintiff] may not offset the amount due from an insolvent insurer in the event a claimant has not received full compensation for damages. In [Benoit], therefore, [Plaintiff] may not apply the estate's partial recovery as an offset to the amount due from [Plaintiff]." Benoit, 723 A.2d at 308.
Thus, in holding that Plaintiff was not entitled to an offset for the John Hancock funds, the Supreme Court's analysis ultimately centered on whether the claimant received full compensation. Because the total of the John Hancock funds and Plaintiff's contributions only amounted to $75,000 — a sum less than the possible $100,000 — the Supreme Court reasoned that no offset was permissible.
Both Plaintiff and Defendants rely on the decision inBenoit, but each fails to recognize that the Supreme Court ultimately based its reasoning on the fact that a claimant deserves full compensation. Here, Defendants were insured by Reliance under a policy with limits up to $4,000,000. Desautel's recovery could conceivably have reached the policy limit of $4,000,000. However, Reliance subsequently became insolvent and unable to pay Desautel anything for the injuries stemming from the accident. As a result of Reliance's insolvency, Desautel had to recover from her own insurance policies with United and Casco and file a claim under the Act. Accordingly, if Desautel had recovered through Defendants' policy with Reliance, then logically, Desautel would not have needed to recover through her own insurance policies. In that instance, Desautel would have recovered a greater amount than the settlement she actually received through Plaintiff and Defendants.
This Court requires a complete examination of Desautel's recovery amount. If this Court were to determine that the settlement amount represents full compensation to Desautel, an offset would be appropriate. Alternatively, if this Court were to determine that the settlement amount does not represent full compensation to Desautel, an offset would not be appropriate. At the present time, this Court has not seen sufficient evidence to make a determination in either respect.
 CONCLUSION
Given the plain meaning attached to Sec. 27-34-5(8)(ii)(C) by the court in McGuirl, Plaintiff's use of this section of the statute to bolster its argument for an offset does not persuade this Court. Because United expressly waived any right of recovery or subrogation against the settlement funds, the Act's exclusion from "covered claims" of those funds to be paid to an insurer "as subrogation or otherwise" does not apply here. Moreover, unless further investigation demonstrates that Desautel has received full compensation to the extent that Casco's reimbursement would involve excess funds, Plaintiff's claim to offset Casco's payment fails as well. Consequently, this Court denies Plaintiff's motion for summary judgment in this matter.
Furthermore, this Court holds that a determination that Sec.27-34-12(a) in conjunction with Benoit requires or precludes any offset is premature. In order to make such a decision, this Court must resolve whether the settlement agreement fully compensated Desautel given the fact that Defendants possessed an insurance policy for bodily injury up to $4,000,000. The statutory cap on Plaintiff's contribution likely hindered the amount of Desautel's recovery through settlement. As a result, this Court denies summary judgment to both Plaintiff's and Defendants' motions on this matter.
Order to enter; hearing to be scheduled by counsel.
[1] Healthcare Recoveries, Inc. is not an interested party in this motion.